MATTHEW A. LESNICK (SBN 177594)
  matt@lesnickprince.com
LAUREN N. GANS (SBN 247542)
  lgans@lesnickprince.com
LISA R. PATEL (SBN 341574)
  lpatel@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
315 W. Ninth Street, Suite 705
Los Angeles, CA  90015
Telephone: (213) 493-6496
Facsimile:   (213) 493-6596

Proposed Attorneys for Debtor in Possession
Capital KCS, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CAPITAL KCS, LLC<br><br>Debtor in Possession. | Case No. 2:23-bk-13029-DS<br><br>Chapter 11<br><br>**DEBTOR'S INITIAL CASE STATUS REPORT**<br><br>Status Conference:<br>Date: June 22, 2023<br>Time: 11:30 a.m.<br>Held Remotely Using ZoomGov |

In accordance with the Court's Order Setting Scheduling and Case Management Conference entered May 18, 2023 [Dkt. No. 5], debtor and debtor in possession Capital KCS, LLC (the "Debtor") submits this Case Status Report.

**A.    The Debtor's Business**

The Debtor owns a two-story, 91,200 square foot loft and commercial building in the Arts District of Los Angeles on a 1.05-acre lot (the "Property"). The primary address of the Property is 459 Colyton Street, Los Angeles, California 90013. An

independent appraisal commissioned by East West Bank valued the Property at $60.9 million as of January 2023.

Initially, the Property served as a creative office space, a warehouse, and an artist-in-residence live/work space. Since 2012, the Debtor has been working to develop the Property into a much larger mixed-use development called Arts District Center which would include artist residences, an art hotel, an art gallery and exhibition space, commercial space, and wellness facilities ("ADC" or the "Project"). Additional information about the ADC can be found on its web site: https://www.artsdistrictcenter.com

The Project contemplates replacing the existing two-story structure with a new, larger building consisting of 562,000 usable square feet of space, including a 113-room hotel, high-end 129 residential units, 110,000 square feet of retail, dining and amenity space, and extensive public art spaces in a LEED-Gold certified building designed by the same renowned architectural firm that designed the Wilshire Grand Center in DTLA.

As explained in more detail in the Declaration of Kevin J. Chen filed in support of the Debtor's First-Day Motions [Dkt. No. 23], the Debtor has spent a considerable amount of money over a period of many years obtaining the entitlements, permits, plan and other items needed to create the ADC.

As also described in the Chen Declaration, because the Debtor had received a demolition permit and intended to raze the building to make way for the ADC, it caused its tenants to move out of the Property. As a result, the Property was essentially vacant and not generating any material rental income from 2021 through the present. The Debtor now has a small amount of rental income and is in discussions to obtain further tenants and enter into another business venture to generate income while it obtains replacement bridge financing and, ultimately, construction financing.

B. **Responses to Court's Questions in Scheduling Order:**

1. **What Precipitated the Filing of This Case?**

The Debtor has two secured lenders: two loans from East West Bank ("EWB"), obtained in 2011 and 2017; and a bridge loan from CPIF California, LLC ("CPIF"), obtained in 2019. These loans were intended to cover consultant fees, city fees for the entitlement process, and preconstruction development costs, with the ultimate goal of securing a construction loan to repay these creditors.

EWB is currently owed approximately $8.6 million, secured by first and second-position deeds of trust on the Property. CPIF is owed approximately $15.5 million, secured by a third-position deed of trust on the property as well as a lien on substantially all of the Debtor's personal property and intangibles. Accordingly, the Debtor has approximately $24 million in secured debt against a property worth more than $60 million. The Debtor has very little unsecured debt.

As explained in more detail in the Chen Declaration, the Debtor ran into a number of problems with potential lenders and was unable to secure the construction funding that would have satisfied the secured claims of EWB and CPIF and provided funding to develop the Project.

CPIF's loan carried a high interest rate of 11.5% in 2019, which later increased to 16.5%. The CPIF loan was a bridge loan originally scheduled to mature on March 18, 2021. However, because of the delays and problems in obtaining the construction funding, the Debtor instead paid CPIF for three loan extensions, as follows: (1) an extension from March 18, 2021 to October 1, 2021 for a fee of $1 million; (2) an extension from October 1, 2021 to April 1, 2022 for a fee of $1,278,272.38; and (3) an extension from April 1, 2022 to October 1, 2022 for $1,166,872.85. The Debtor also entered into a forbearance agreement with CPIF on March 15, 2023 for an additional $300,000.

On May 11, 2023, the Debtor requested a further 90-day extension of the CPIF loan. The Debtor signed a pre-negotiation agreement with CPIF on May 12, 2023.

3

On May 17, 2023, CPIF informed the Debtor that it would not agree to any further extensions and would not postpone the foreclosure sale. CPIF's non-judicial foreclosure sale was scheduled for May 17, 2023 at 11:00 a.m. Given the extremely short notice, the Debtor filed an emergency voluntary petition for relief under chapter 11 of the Bankruptcy Code to protect the Property and the Project.

**2.     What Does the Debtor Hope to Accomplish in this Case?**

The Debtor is actively seeking other financing options from several well-known lenders. Given the massive amount of equity in the Property, the Debtor believes that it will be able to refinance the existing debt.

In order to make it even easier to obtain replacement financing, the Debtor intends to increase its monthly cash flow by leasing the Property again and engaging in joint ventures with other businesses.

**3.     What are the Principal Business and Financial Problems Facing the Debtor and How Does the Debtor Intend to Address These Problems?**

As described above, the Debtor's principal business and financial problem is refinancing its secured debt. The Debtor hopes to resolve that issue by finding a new lender or lenders to replace its existing secured debt prior to filing a proposed plan of reorganization. The Debtor likely would then seek to dismiss the bankruptcy case. However, if necessary, the Debtor intends to propose a plan that would deal with the secured debt.

**4.     What Are the Main Legal Disputes Facing the Debtor and Likely to be Encountered During This Case, and How Does the Debtor Recommend That These Disputes be Resolved?**

The Debtor currently is not aware of any significant legal disputes beyond the issues described above.

**5.     What is the Debtor's Estimate Regarding Timing for Confirmation of a Plan?**

If the Debtor is able to obtain replacement financing within the next few months, it will be able to pay all its creditors in full and seek dismissal of the bankruptcy case rather than file a plan of reorganization.

If the Debtor is not able to obtain replacement financing within the next few months, the Debtor will file a proposed plan of reorganization. In that case, the Debtor would anticipate seeking confirmation of a plan within approximately 6 months.

**6.     Is the Debtor a "Health Care Business" as Defined in 11 U.S.C. § 101(27A)?**

No.

**7.     Is the Debtor a Small Business Debtor as Defined in 11 U.S.C. § 101(51D)?**

No.

**8.     Is this Case a Single Asset Real Estate Case as Contemplated in 11 U.S.C. § 101(51B)?**

Although the case is currently a single asset real estate case, the Debtor is in the process of negotiating a deal with a technology company to generate significant new revenue. The deal may be structured as a partnership, joint venture, or similar arrangement. If the Debtor consummates this deal, subject to Court approval, the case would no longer be a single asset real estate case.

**9.     Has the Debtor Complied With All of its Duties Under 11 U.S.C. §§ 521, 1106, 1107, and (if Applicable) 1116, F.R.B.P. 1007 and all Applicable Guidelines of the Office of the United States Trustee?**

The Debtor has complied with all its duties listed above, subject to the following:

- On June 6, 2023, the Court entered an Order extending the time for the Debtor to file its Schedules and Statement of Financial Affairs to

June 21, 2023. [Dkt. No. 41.] The Debtor intends to file its Schedules and SOFA before that deadline.

- The Debtor has provided all items required by the United States Trustee other than voided copies of checks for its new DIP accounts, which it has not yet received from its bank.

**10.    Do any Parties Claim an Interest in Cash Collateral of the Debtor? What Date did the Debtor Obtain an Order Authorizing the Use of Such Cash or the Consent of the Party**

The Debtor did not file a cash collateral motion because it does not need to use any cash collateral. As of the Petition Date, the Debtor had $13,317.41 in its bank account (the "Petition Date Cash"). Although the Debtor is not conceding that the Petition Date Cash is the cash collateral of either EWB or CPIF, in order to keep this case as simple and streamlined as possible, the Debtor intends to not use any of the Petition Date Cash to pay any post-petition operating expenses. Instead, the Debtor will fund its operating expenses through a combination of (a) money contributed by the Debtor's principals, and (b) post-petition revenues.

**C.    Retention of Professionals**

On May 30, 2023, the Debtor filed its Notice of Application and Application (the "Application") to Employ Lesnick Prince & Pappas LLP ("LPP") as general bankruptcy counsel. [Dkt. No. 26.]  The time to object to the Application has not yet expired. Accordingly, an order approving the Application has not yet been entered.  As part of its Application, LPP has requested approval of a $75,000 post-petition retainer, payable in three installments of $25,000 each. The anticipated amount of LPP's fees for this case is difficult to estimate because it depends in large part on (1) whether the Debtor will be able to obtain replacement financing before having to file a plan, and (2) whether the proposed plan will be consensual or require significant litigation.

**Projected Income, Expenses, and Cash Flow**

Attached as Exhibit A is a spreadsheet showing the Debtor's projected monthly income, expenses and cash flow for a 90-day period following the Petition Date.

### D. Proposed Deadlines for the Filing of Claims

The Debtor proposes that the Court set a deadline of August 17, 2023 for the filing of claims other than by governmental units, and November 13, 2023 (180 days after the Petition Date) for governmental units.

### E. Unexpired Leases and Executory Contracts

The Debtor believes that it does not have any unexpired leases or executory contracts.

### F. Sale of Estate Assets

The Debtor currently does not anticipate the sale of any estate assets by motion or in connection with a plan.

### G. Plan of Reorganization

As described above, if the Debtor is able to obtain replacement financing within the next few months, it will be able to pay all its creditors in full and seek dismissal of the bankruptcy case rather than file a plan of reorganization.

If the Debtor is not able to obtain replacement financing within the next few months, the Debtor will file a proposed plan of reorganization. The plan could provide for additional time to secure replacement financing, restructuring of existing secured debt, the sale of the Property, or some combination of the above. The Debtor is hopeful that, if a plan is required, it will be able to negotiate consensual terms with its secured creditors.

DATED: June 8, 2023                    LESNICK PRINCE & PAPPAS, LLP


By: /s/ Matthew A. Lesnick
    Matthew A. Lesnick
    Proposed Counsel for Debtor in
    Possession Capital KCS, LLC

# EXHIBIT A

**Capital KCS LLC**
**Case Number: 2:23-bk-13029-DS**
**90 Day Cashflow (Forecast)**

|  | 5/17/2023 - 5/31/2023 | Jun-23 | Jul-23 | Aug-23 |
|---|---|---|---|---|
| BANK BALANCE (OPENING) | $ 13,317.41 | $ 13,317.41 | $ 14,598.25 | $ 15,944.34 |
| **CREDITS** | | | | |
| Rent Receipt | | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 |
| Capital Contribution from Kevin Chen | | $ 30,000.00 | $ 28,000.00 | |
| TOTAL CREDITS | | $ 35,000.00 | $ 33,000.00 | $ 5,000.00 |
| **EXPENSES** | | | | |
| Insurance | | $ 3,991.66 | $ 3,991.66 | $ 3,991.66 |
| Retainer Fee to Bankruptcy Attorney | | $ 25,000.00 | $ 25,000.00 | $ - |
| Utilities | | $ 1,517.00 | $ 1,820.40 | $ 1,896.25 |
| Utility Company Security Deposits | | $ 2,368.65 | $ - | $ - |
| Telephone & Internet Services | | $ 522.85 | $ 522.85 | $ 522.85 |
| Software & Domain Subscriptions | | $ 39.00 | $ 39.00 | $ 39.00 |
| Repair & Maintenance | | $ 155.00 | $ 155.00 | $ 155.00 |
| Bank Charges | | $ 25.00 | $ 25.00 | $ 25.00 |
| Office Supplies | | $ 100.00 | $ 100.00 | $ 100.00 |
| TOTAL EXPENSES | | $ 33,719.16 | $ 31,653.91 | $ 6,729.76 |
| NET CASH FLOWS | | $ 1,280.84 | $ 1,346.09 | $ (1,729.76) |
| CLOSING BALANCE | | $ 14,598.25 | $ 15,944.34 | $ 14,214.58 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Lesnick Prince & Pappas LLP, 315 W. Ninth St., Suite 705, Los Angeles, CA 90015

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S INITIAL CASE STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/08/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Marcus Colabianchi**   mcolabianchi@duanemorris.com
- **Matthew A Lesnick**   matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Noreen A Madoyan**   Noreen.Madoyan@usdoj.gov
- **Lisa Patel**   lpatel@lesnickprince.com, jmack@lesnickprince.com;jnavarro@lesnickprince.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 06/08/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   Please see attached.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/08/2023 | Janet A. Mack | /s/ Janet A. Mack |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                      F 9013-3.1.PROOF.SERVICE

**20 Largest Unsecured Creditors and Secured Creditors**

| | |
|---|---|
| Richardson Kontogouris Emerson LLP<br>2942 Columbia Street<br>Torrance, CA 90503 | LA Dept. of Water and Power<br>PO Box 51111<br>Los Angeles, CA 90051-0100 |
| Southland Fire Alarm<br>553 N Pacific Coast Hwy. Ste 137<br>Redondo Beach, CA 90277 | East West Bank<br>135 N. Los Robles Ave., 7th Floor<br>Pasadena, CA 91101 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**